

JOHN L. BURRIS, Esq./ State Bar # 69888
LAW OFFICES OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882

GAYLA B. LIBET, Esq./ State Bar # 109173
LAW OFFICES OF GAYLA B. LIBET
486 41st Street, # 3
Oakland, CA 94609
Telephone and Facsimile: (510) 420-0324

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CRAIG LAWSON McGIFFIN,

        Plaintiff,

vs.

CITY AND COUNTY OF SAN FRANCISCO,
a municipal corporation; HEATHER FONG,
in her capacity as Chief of Police for CITY AND
COUNTY OF SAN FRANCISCO;
ALBERTO ESPARZA, individually, and in his
capacity as a police officer for CITY AND COUNTY
OF SAN FRANCISCO; LAMAR TONEY, individually,
and in his capacity as a police officer for CITY AND
COUNTY OF SAN FRANCISCO; and, DOES 1-25,
inclusive,

        Defendants.               /

Action No. C07 -

**COMPLAINT FOR VIOLATION
OF CIVIL RIGHTS AND DAMAGES**

## JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is
conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343.
The unlawful acts and practices alleged herein occurred in the City of San Francisco, California,
which is within this judicial district. Venue is conferred upon this Court by Title 28 United States

NOTICE OF ASSIGNMENT TO MAGISTRATE JUDGE SENT

GO 44 SEC. N

Code Section 1391(b).

## PARTIES

2. Plaintiff is, and at all times herein mentioned was, a citizen of the United States residing in the City and County of San Francisco, California.

3. Defendant CITY OF SAN FRANCISCO (hereinafter referred to as "CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. At all times herein mentioned, defendant, HEATHER FONG, was the Chief of Police for the CITY. Defendant, HEATHER FONG, is sued herein in his capacity as the Chief of Police for the CITY.

4. At all times mentioned herein, defendants ALBERTO ESPARZA; LAMAR TONEY; and, DOES 1-25, inclusive, were employed by defendant CITY as police officers. Said defendant police officers are sued herein individually, and in their capacity as police officers for defendant CITY. In engaging in the conduct described herein, defendant police officers acted under color of law and in the course and scope of their employment by defendant CITY. In engaging in the conduct described herein, defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by defendant CITY.

5. DOES 1-10, inclusive, are defendant police officers employed by defendant CITY, acting within the course and scope of their employment by defendant CITY, who were directly involved in the wrongful and excessive use of force against plaintiffs, and the wrongful and false detention and arrests of plaintiff, as described hereinafter.

6. DOES 11-25, inclusive, are defendant police officers employed by defendant CITY, acting within the course and scope of their employment by defendant CITY, who were employed in a supervisory capacity by defendant CITY and were responsible in some manner for properly and adequately hiring, retaining, supervising, disciplining, and training named defendant police officers employed by the CITY in the proper and reasonable use of force, effecting proper detentions and arrests, and treating persons in a manner that is not racially discriminatory.

7. Plaintiff is ignorant of the true names and capacities of defendant DOES 1-25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and

thereon alleges that each defendant so named is responsible in some manner for the injuries and damages suffered by plaintiff as set forth herein. Plaintiff will amend his Complaint to state the true names and capacities of defendants DOES 1 through 25, inclusive, when they have been ascertained.

8. In engaging in the conduct described herein, defendant police officers acted under the color of law and in the course and scope of their employment with defendant CITY. In engaging in the conduct described herein, defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions, and as employees of defendant CITY.

9. For State causes of action related to Federal claims, plaintiff is required to comply with an administrative claim requirement under California law. Plaintiff has complied with all applicable requirements.

## STATEMENT OF FACTS

10. On 8-25-06, at approximately 9:30 p.m., plaintiff and his friend, Shawn Crawford, had just stepped outside of a local tavern in San Francisco, California, when they were aproached by defendant police officers ALBERTO ESPARZA and LAMAR TONEY, who had their batons in their hands. Defendant officers demanded that plaintiff, CRAIG McGIFFIN and Mr. Crawford show their hands. Plaintiff and Mr. Crawford complied, raising their hands in the air. Plaintiff then stated, "We haven't done anything wrong." Defendant officers then ordered plaintiff and Mr Crawford to lower their hands, and Mr. Crawford was ordered to step away. The defendant officer standing in front of plaintiff then said, "That sounds like resistance to me", referring to plaintiff's abovementioned statement that he and Mr. Crawford had not done anything wrong.

11. At that time, defendant officers ESPARZA and TONEY then assaulted and battered plaintiff, without any just provocation or cause. Defendant officers ESPARZA and TONEY repeatedly bashed plaintiff's head and face onto the street while manipulating his arms behind his back in such a fashion that his left shoulder separated from his shoulder joint. Defendant officers then ordered plaintiff to roll onto his left side onto that injured shoulder. He could not complete rolling onto his left side because of the extreme pain in his left shoulder. Defendant officers

ESPARZA and TONEY then clubbed plaintiff in his left kidney area, and stomped on his right hand. Two additional S.F. police offices arrived, and defendant officers put wrist restraints on plaintiff, and then placed him in the back of a police car.

12. Plaintiff begged to be taken to a hospital for treatment of his injuries. Defendant officers refused to offer plaintiff medical treatment, and refused to take him to a hospital for treatment of his injuries. Plaintiff asked defendant officers why they had beaten him, and where they were taking him. Defendant officers provided no response to plaintiff's questions. Plaintiff was afraid for his life. As far as he knew, defendant officers might be taking him somewhere else to beat him some more.

13. Plaintiff was taken to jail and put in a cell, where he went inot shock and convulsions due to his injuries. He begged repeatedly to be seen and treated by a physician, but none of the employees at the jail provided plaintiff any medical treatment. Plaintiff was also never read his Miranda rights by defendant officers or anyone else. Plaintiff's body shut down and he lost consciousness for a brief time. Plaintiff then made an emergency telephone call from the jail cell. He thought he was in that jail cell for days, when actually eight (8) hours had passed, at which time plaintiff was released and taken immediately to the emergency room by his friends who had posted bail for plaintiff.

14. Upon his release from jail, plaintiff was given documents which wrongfully stated he had been arrested for assaulting a person he had never met before, in a place he had never been before. The place of arrest listed on said documents was approximately four (4) blocks from where the police claimed it to be. Charges against plaintiff were later dismissed.

15. Plaintiff had not done anything to provoke this assault upon him, and did nothing to physically resist these officers during their assault and battery upon him. Further, plaintiff was unarmed. Further, plaintiff complied with orders given to him during this incident by defendant police officers.

16. The above-described assault and battery, and wrongful arrest and imprisonment of plaintiff by defendant police officers was brutal, malicious, and was done without any just provocation or cause, proximately causing injuries and damages to plaintiff.

## DAMAGES

17. As the direct and proximate result of defendants' wrongful conduct, including assault and battery; false arrest and imprisonment; and violation of civil rights, plaintiff was injured and damaged, as set forth herein.

18. As a direct and proximate result of defendant officers' wrongful conduct, plaintiff suffered the following injuries and damages:

a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of their persons;

b. Loss of physical liberty;

c. Physical injuries, pain and suffering, emotional trauma and suffering, and medical expenses;

d. Violations of the following clearly established and well-settled federal constitutional rights include but are not limited to: (1) freedom from unreasonable search and seizure of their persons under the Fourth Amendment to the United States Contitution; and, (2) right to equal protection under the Fourteenth Amendment to the United States Constitution;

e. The conduct of named defendant police officers: and DOES 1-10, inclusive, was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against said defendant police officers; and,

f. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of his civil rights.

## FIRST CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Against named defendant police officers DOES 1-10, inclusive)

19. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 18 of this Complaint.

20. In doing the acts complained of herein, defendant police officers DOES 1-10, inclusive, acted under color of law to deprive plaintiff of certain constitutionally protected rights including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth

amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Against defendants CITY; HEATHER FONG; and DOES 11-25, inclusive)

21. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 20 of this Complaint.

22. Plaintiff is informed and believes and thereon alleges that prior to the date of the subject incident on 8-25-06, named defendant police officers had a history of engaging in acts of assault and battery; and effecting false arrests, of which defendants CITY; HEATHER FONG; and DOES 11-25, inclusive, knew or reasonably should have known for some time prior to the subject incident involving plaintiff.

23. Plaintiff is informed and believes and thereon alleges that despite having such notice of named defendant police officers' prior misconduct, defendants CITY; HEATHER FONG; and DOES 11-25, inclusive, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and civil rights violations by defendant police officers ESPARZA and TONEY.

24. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the prior misconduct of defendant police officers ESPARZA and TOENY, defendants CITY; HEATHER FONG; and DOES 11-25, inclusive, approved, ratified, condoned, encouraged and/or tacitly authorized said defendant police officers, to continue their course of misconduct, resulting in the violation of plaintiff's rights and injuries and damages to plaintiff as alleged herein.

6

25. Defendant CITY, by and through its supervisory employees and agents, HEATHER FONG, Chief of Police for defendant CITY, and DOES 11-25, inclusive, has and had a mandatory duty of care imposed on it by the 4th and 14th Amendments to the United States Constitution, to properly and adequately hire, train, retain, supervise, and discipline its police officer employees so as to avoid unreasonable risk of harm to citizens as the proximate result of CITY police officers assaulting and battering, and/or effecting false arrests and imprisonments. With deliberate indifference, defendants CITY, HEATHER FONG, and DOES 11-25, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiff's rights and injuries to plaintiff. With deliberate indifference, defendants CITY, HEATHER FONG, and DOES 11-25, inclusive, breached their duty of care to plaintiff in that they: (1) failed to adequately hire, retain, supervise, discipline, and train police officers, including defendant police officers ESPARZA and TONEY, in proper use of force, and effecting proper reasonable arrests; (2) failed to have adequate policies and procedures regarding proper use of force; and effecting proper arrests; (3) acted with deliberate indifference, in reckless and/or conscious disregard of the prior misconduct of named defendant police officers, and, (4) approved, ratified, condoned, encouraged and/or tacitly authorized named defendant police officers to continue their course of misconduct of use of excessive force, and effecting false arrests and imprisonments, resulting in violation of plaintiff's rights, and injuries and damages to plaintiff as alleged herein..

26. This lack of adequate hiring, retention, supervision, training, and discipline of named defendant police officers demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive unreasonable force; and wrongful false arrests by police officers employed by defendant CITY.

27. The above-described misconduct by defendants CITY; HEATHER FONG; and DOES 11-25, inclusive, resulted in the deprivation of plaintiff's constitutional rights, including but not limited to the following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by

the Fifth and Fourteenth amendments to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

28. Further, the acts of named defendant police officers alleged herein are a direct and proximate result of the abovementioned wrongful conduct of defendants CITY; HEATHER FONG; and DOES 11-25, inclusive. Plaintiff's injuries and damages were a foreseeable and proximate result of the the abovementioned wrongful conduct of named defendant police officers, and the abovementioned wrongful conduct of CITY; HEATHER FONG; and DOES 11-25, inclusive.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (Assault and Battery)
### (Against named defendant police officers DOES 1-10, inclusive)

29. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 28 of this Complaint.

30. Named defendant police officers and defendants DOES 1-10, inclusive, placed plaintiff in immediate fear of death and severe bodily harm by assaulting and battering him without any just provocation or cause. Said defendants' conduct was neither privileged nor justified under statute or common law.

31. As a proximate result of said defendants' conduct, plaintiff suffered damages as hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (False Arrest and Imprisonment)
### (Against named defendant police officers DOES 1-10, inclusive)

32. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 31 of this Complaint.

33. Defendant police officers DOES 1-10, inclusive, falsely arrested and imprisoned plaintiff.

34. Said defendant officers falsely arrested and imprisoned plaintiff without just provocation or probable cause. Plaintiff had not committed any crime, and there was no basis upon which defendant officers could have reasonably believed that plaintiff had committed a crime.

35. Said defendant officers failed to observe proper or reasonable procedures in falsely arresting and imprisoning plaintiff without probable cause.

36. As a proximate result of said defendants' conduct, plaintiff suffered damages as hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against named defendant police officers DOES 1-10, inclusive)

37. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 36 of this Complaint.

38. The conduct of named defendant police officers, and DOES 1-10, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. Said defendants committed the aforementioned extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon plaintiff.

39. As a proximate result of said defendant officers' willful, intentional and malicious conduct, plaintiff suffered severe and extreme mental and emotional distress. Therefore, plaintiff is entitled to an award of punitive damages against said defendants. Plaintiff has suffered injuries and damages as hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### (Negligence)
### (Against named defendant police officers DOES 1-10, inclusive)

40. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 39 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

41. At all times herein mentioned, named defendant police officers were subject to a duty of care to avoid causing injuries and damages to persons by not using excessive unreasonable force on them, and by not effecting wrongful detentions and arrests. The wrongful conduct of said defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable police officers acting in similar circumstances, proximately causing plaintiff to suffer injuries and damages as set forth herein.

42. As a proximate result of said defendants' negligent conduct, plaintiff suffered severe emotional and mental distress and injury having a traumatic effect on plaintiff's emotional tranquility, and damages.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (Negligent Hiring, Retention, Training, Supervision, and Discipline)
### (Against defendants CITY; HEATHER FONG; and DOES 11-25, inclusive)

43. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 42 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

44. Plaintiff is informed and believes and thereon alleges that prior to the date of the subject incident on 8-25-06, named defendant police officers had a history of engaging in acts of assault and battery; and effecting false arrests, of which defendants CITY; HEATHER FONG; and DOES 11-25, inclusive, knew or reasonably should have known for some time prior to the subject incident involving plaintiff.

45. Plaintiff is informed and believes and thereon alleges that despite having such notice of

named defendant police officers' prior misconduct, defendants CITY; HEATHER FONG; and DOES 11-25, inclusive, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and civil rights violations by defendant police officers ESPARZA and TONEY.

46. Plaintiff is further informed and believes and thereon alleges that as a result of their reckless and/or conscious disregard of the prior misconduct of named defendant police officers, defendants CITY; HEATHER FONG; and DOES 11-25, inclusive, approved, ratified, condoned, encouraged and/or tacitly authorized said defendant police officers to continue their course of misconduct, resulting in the violation of plaintiff's rights and injuries and damages to plaintiff as alleged herein.

47. Defendant CITY, by and through its supervisory employees and agents, HEATHER FONG, Chief of Police for CITY, and DOES 11-25, inclusive, has and had a mandatory duty of care imposed on it by the 4th and 14th Amendments to the United States Constitution, to properly and adequately hire, train, retain, supervise, and discipline its police officer employees so as to avoid unreasonable risk of harm to citizens as the proximate result of CITY police officers using excessive unreasonable force and/or effecting false arrests and imprisonments. CITY; HEATHER FONG; and DOES 11-25, inclusive, negligently failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiff's rights and injuries to plaintiff. Defendants CITY; HEATHER FONG; and DOES 11-25, inclusive, breached their duty of care to plaintiff in that they: (1) negligently failed to adequately hire, retain, supervise, discipline, and train police officers, including named defendant police officers ESPARZA and TONEY, in using proper and reasonable force; and effecting proper reasonable arrests; (2) negligently failed to have adequate policies and procedures regarding use of reasonable force, and effecting proper arrests; (3) acted with reckless and/or conscious disregard of the prior misconduct of named defendant police officers, by failing to adequately hire, retain, supervise, discipline, and train police officers, including named defendant police officers, in use of reasonable force, and effecting proper reasonable arrests; and, (4) approved, ratified, condoned, encouraged and/or tacitly authorized named defendant police officers, to continue their course of misconduct, resulting in the violation

of plaintiff's rights, and injuries and damages to plaintiff as alleged herein.

48. The above-described negligent misconduct by defendants CITY; HEATHER FONG; and DOES 11-25, inclusive, resulted in the deprivation of plaintiff's constitutional rights, including but not limited to the following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

49. Further, the acts of said named defendant police officers, alleged herein, are a direct and proximate result of the abovementioned negligent wrongful conduct of defendants CITY; HEATHER FONG; and DOES 11-25, inclusive. Plaintiff's injuries and damages were a foreseeable and proximate result of the the abovementioned wrongful conduct of defendant police officers DOES 1-10, inclusive, and the abovementioned wrongful conduct of CITY; HEATHER FONG; and DOES 11-25, inclusive.

50. Defendant CITY is liable to plaintiff pursuant to Govt. Code Section 815.6; and defendants HEATHER FONG; and DOES 11-25, inclusive, are liable to plaintiff pursuant to Govt. Code Sections 820.2 and 820.4, for plaintiff's injuries and damages hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
### (Vicarious Liability)
### (Against defendant CITY AND COUNTY OF SAN FRANCISCO )

51. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 50 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous,

wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

52. Pursuant to Government Code Section 815.2(a), defendant CITY AND COUNTY OF SAN FRANCISCO is vicariously liable to plaintiff for his injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned intentional and negligent wrongful conduct of named defendant police officers DOES 1-25, inclusive, as set forth in plaintiff's First Cause of Action, and Third through Seventh Causes of Action herein.

53. As a proximate result of defendants' conduct, plaintiff suffered injuries and damages as hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### JURY DEMAND

54. Plaintiff hereby demands a jury trial in this action.

### PRAYER

WHEREFORE, plaintiff prays for relief, as follows:

1. For general damages in the sum of $ 500,000.00;

2. For special damages according to proof;

3. For punitive damages against named defendant police officers, according to proof;

4. For injunctive relief enjoining defendant CITY AND COUNTY OF SAN FRANCISCO from authorizing, allowing, or ratifying the practice by any of their employees from using unreasonable excessive force; and from effecting unreasonable and improper detentions, arrests, and imprisonments of persons;

5. For reasonable attorney's fees pursuant to 42 U.S.C. Sections 1983 and 1988;

6. For costs of suit herein incurred; and,

7. For such other and further relief as the Court deems just and proper.

LAW OFFICES OF GAYLA B. LIBET

Dated: 8-24-07        By: _____
                                    GAYLA B. LIBET, Esq.
                                    Attorneys for Plaintiff