DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
SCOTT D. WIENER, State Bar #189266
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-4283
Facsimile:    (415) 554-3837

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
HEATHER FONG, IN HER OFFICIAL CAPACITY,
OFFICER ALBERTO ESPARZA, AND
OFFICER LAMAR TONEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG LAWSON McGRIFFIN,<br><br>         Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for CITY AND COUNTY OF SAN FRANCISCO; ALBERT ESPARZA, individually, and in his capacity as a police officer for CITY AND COUNTY OF SAN FRANCISCO; LAMAR TONEY, individually, and in his capacity as a police officer for CITY AND COUNTY OF SAN FRANCISCO, and DOES 1-25, inclusive,<br><br>         Defendants. | Case No. C07-4589 BZ<br><br>**DEFENDANTS' ANSWER TO COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES** |

Defendants City and County of San Francisco, Chief Heather Fong (in her official capacity), Officer Alberto Esparza, and Officer Lamar Toney (collectively "Defendants"), hereby answer Plaintiff Craig Lawson McGiffin's COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES. Defendants deny all allegations of wrongdoing and all allegations giving rise to liability or damages.

1. Answering paragraph 1 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants admit that the complaint attempts to allege a cause of action under 42 U.S.C. section 1983 and that such a cause of action triggers federal jurisdiction. Defendants further admit that venue is proper in this district. Defendants deny the remaining allegations in this paragraph, including without limitation the statement that "unlawful acts and practices" occurred.

2. Answering paragraph 2 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants lack sufficient information to admit or deny the allegations in this paragraph and therefore deny all such allegations.

3. Answering paragraph 3 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants admit the allegations in this paragraph.

4. Answering paragraph 4 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants admit that Officers Esparza and Toney are San Francisco police officers employed by the City and that they are named individually in the complaint. Defendants deny the remaining allegations in the complaint.

5. Answering paragraph 5 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants lack sufficient information to admit or deny the allegations in this paragraph and therefore deny all such allegations. Defendants deny that any police officer used excessive force, engaged in a false arrest, or otherwise acted wrongfully.

6. Answering paragraph 6 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants lack sufficient information to admit or deny the allegations in this paragraph and therefore deny all such allegations.

7. Answering paragraph 7 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations contained in this paragraph.

8. Answering paragraph 8 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations contained in this paragraph.

9. Answering paragraph 9 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants lack sufficient information to admit or deny the allegations in this paragraph and therefore deny all such allegations.

10. Answering paragraph 10 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants admit that the officers interacted with Plaintiff because of Plaintiff's aggressive, violent, and belligerent behavior. Defendants deny that the officers engaged in any wrongdoing and allege that the officers' conduct was proper and justified. Except as expressly admitted, Defendants deny the allegations in this paragraph.

11. Answering paragraph 11 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations contained in this paragraph except that Defendants admit that they arrested Plaintiff based on his aggressive, violent, and belligerent behavior.

12. Answering paragraph 12 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations contained in this paragraph.

13. Answering paragraph 13 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants deny that they engaged in any wrongdoing. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph and therefore deny all such allegations.

14. Answering paragraph 14 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations in the first two sentences of this paragraph. Defendants lack sufficient information to admit or deny the allegations in the third sentence of this paragraph and therefore deny all such allegations.

15. Answering paragraph 15 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations contained in this paragraph.

16. Answering paragraph 16 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations contained in this paragraph.

17. Answering paragraph 17 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations contained in this paragraph.

18. Answering paragraph 18 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations contained in this paragraph.

19. Answering paragraph 19 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants refer to and incorporate their response to paragraphs 1 through 18.

20. Answering paragraph 20 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations contained in this paragraph.

21. Answering paragraph 21 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants refer to and incorporate their response to paragraphs 1 through 20.

22. Answering paragraph 22 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations contained in this paragraph.

23. Answering paragraph 23 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations contained in this paragraph.

24. Answering paragraph 24 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations contained in this paragraph.

25. Answering paragraph 25 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants admit that the City and Chief Fong have certain duties imposed on them by law. Those duties speak for themselves. Defendants deny that they violated any such duties. Defendants deny the remaining allegations contained in this paragraph.

26. Answering paragraph 26 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations contained in this paragraph.

27. Answering paragraph 27 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations contained in this paragraph.

28. Answering paragraph 28 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations contained in this paragraph.

29. Answering paragraph 29 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants refer to and incorporate their response to paragraphs 1 through 28.

1       30.    Answering paragraph 30 of the complaint, Defendants admit, deny, and/or allege as
2 follows: Defendants deny the allegations contained in this paragraph.

3       31.    Answering paragraph 31 of the complaint, Defendants admit, deny, and/or allege as
4 follows: Defendants deny the allegations contained in this paragraph.

5       32.    Answering paragraph 32 of the complaint, Defendants admit, deny, and/or allege as
6 follows: Defendants refer to and incorporate their response to paragraphs 1 through 31.

7       33.    Answering paragraph 33 of the complaint, Defendants admit, deny, and/or allege as
8 follows: Defendants deny the allegations contained in this paragraph.

9       34.    Answering paragraph 34 of the complaint, Defendants admit, deny, and/or allege as
10 follows: Defendants deny the allegations contained in this paragraph.

11       35.    Answering paragraph 35 of the complaint, Defendants admit, deny, and/or allege as
12 follows: Defendants deny the allegations contained in this paragraph.

13       36.    Answering paragraph 36 of the complaint, Defendants admit, deny, and/or allege as
14 follows: Defendants deny the allegations contained in this paragraph.

15       37.    Answering paragraph 37 of the complaint, Defendants admit, deny, and/or allege as
16 follows: Defendants refer to and incorporate their response to paragraphs 1 through 36.

17       38.    Answering paragraph 38 of the complaint, Defendants admit, deny, and/or allege as
18 follows: Defendants deny the allegations contained in this paragraph.

19       39.    Answering paragraph 39 of the complaint, Defendants admit, deny, and/or allege as
20 follows: Defendants deny the allegations contained in this paragraph.

21       40.    Answering paragraph 40 of the complaint, Defendants admit, deny, and/or allege as
22 follows: Defendants refer to and incorporate their response to paragraphs 1 through 39.

23       41.    Answering paragraph 41 of the complaint, Defendants admit, deny, and/or allege as
24 follows: Defendants deny the allegations contained in this paragraph.

25       42.    Answering paragraph 42 of the complaint, Defendants admit, deny, and/or allege as
26 follows: Defendants deny the allegations contained in this paragraph.

27       43.    Answering paragraph 43 of the complaint, Defendants admit, deny, and/or allege as
28 follows: Defendants refer to and incorporate their response to paragraphs 1 through 42.

44. Answering paragraph 44 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations contained in this paragraph.

45. Answering paragraph 45 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations contained in this paragraph.

46. Answering paragraph 46 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations contained in this paragraph.

47. Answering paragraph 47 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants admit that the City and Chief Fong have certain duties imposed on them by law. Those duties speak for themselves. Defendants deny that they violated any such duties. Defendants deny the remaining allegations contained in this paragraph.

48. Answering paragraph 48 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations contained in this paragraph.

49. Answering paragraph 49 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations contained in this paragraph.

50. Answering paragraph 50 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations contained in this paragraph.

51. Answering paragraph 51 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants refer to and incorporate their response to paragraphs 1 through 50.

52. Answering paragraph 52 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations contained in this paragraph.

53. Answering paragraph 53 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations contained in this paragraph.

54. Answering paragraph 54 of the complaint, Defendants admit, deny, and/or allege as follows: Defendants admit that Plaintiffs have demanded a trial by jury.

<u>Affirmative Defenses</u>

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

The complaint fails to state facts sufficient to constitute a cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE

(No *Monell* Liability)

The complaint fails to state a federal civil rights claim under the doctrine announced in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## THIRD AFFIRMATIVE DEFENSE

(No *Respondeat Superior* Liability)

Defendants are not liable for any acts or omissions of its employees that occurred outside of those employees' scope of employment with the City.

## FOURTH AFFIRMATIVE DEFENSE

(Privileged and Justified Conduct)

Defendants' conduct at all times material herein was privileged and/or justified under applicable law.

## FIFTH AFFIRMATIVE DEFENSE

(Necessary Force)

No more force was used on Plaintiff's person than was necessary to effect detention, overcome any resistance thereto, prevent escape therefrom, prevent injury to the officers and/or to facilitate and safeguard a valid police investigation.

## SIXTH AFFIRMATIVE DEFENSE

(Probable Cause)

At all times material hereto the officers of the San Francisco Police Department named herein had reasonable and/or probable cause to detain and restrain plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

(Valid Law Enforcement/Prosecutorial Purpose)

All activities taken by the City's agents/employees regarding the allegations in the Complaint were undertaken for valid law enforcement and/or prosecutorial purposes.

## EIGHTH AFFIRMATIVE DEFENSE

(Consent or Exigent Circumstances Existed)

Any and all searches or seizures of Plaintiff's property or person were legally justified as plaintiff consented and/or exigent circumstances existed.

### NINTH AFFIRMATIVE DEFENSE

Defendants allege as follows:

A. That at all times mentioned in Plaintiff's complaint herein, City and County of San Francisco was and is a municipal corporation duly organized and existing by virtue of the laws of the State of California;

B. That at all times mentioned in Plaintiff's complaint herein, the City and County of San Francisco employees concerned were and are peace officers and police officers of the City and County of San Francisco; and at all times so mentioned were acting in the course and scope of their public office, service and employment;

C. That at all times mentioned in Plaintiff's complaint herein, said police officers acted in accordance with and pursuant to Sections 834, 835, 835a, 836, 836.5, 847, 849 and 849.5 of the California Penal Code;

D. That at all times mentioned in Plaintiff's complaint herein, defendants were justified in the detention, arrest and/or search of plaintiff;

E. That at all times mentioned in Plaintiff's complaint herein, Defendants were acting in good faith and/or without malice pursuant to the provisions of Section 43.55 of the California Civil Code and Sections 815, 815.2(b), 818, 810.2, 821.6, 844, 844.6 and 845.4 of the California Government Code;

F. That as a consequence of the foregoing, Defendants are immune from liability herein, and that the Plaintiff's cause or causes of action, if any, are barred by law.

### TENTH AFFIRMATIVE DEFENSE

(Privileged Communications pursuant to California Civil Code §47)

Defendants allege that any communication made by it or any of its agents or employees was privileged pursuant to Section 47 of the California Civil Code.

### ELEVENTH AFFIRMATIVE DEFENSE

(Statutory Immunity)

Defendants allege the provisions of the California Tort Claims Act of the California Government Code and the California Penal Code as a measure of the duty of Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

(Immunity From Exemplary Damages)

The City is a public entity and therefore immune from liability for exemplary damages pursuant to provisions of section 818 of the California Government Code and pursuant to federal law. Chief Fong, in her official capacity, shares this immunity.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Law Enforcement Immunity)

Law Enforcement personnel are immune from any liability therein under the common law doctrine of immunity of law enforcement personnel executing statutes in good faith, which statutes are presumed valid at the time of such execution.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Due Care in Enforcement of the Law)

Any liability of defendants is barred by the provisions of California Government Code sections 815, 815.2 and 820.4, and other applicable provisions of law and each of them, since any liability of Defendants would have resulted from the acts or omissions, if any, by public employees in the exercise of due care in the execution and enforcement of the law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Discretion)

Defendants are not liable under the provisions of California Government Code sections 815, 815.2 and/or 820.2, and other applicable provisions of law and each of them, in that any damages to plaintiffs as alleged in the Complaint would have resulted from acts or omission committed in the exercise of discretion vested in public employees.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(No Intent to Deprive of Constitutional Rights)

*McGiffin v. City and County of San Francisco, et al.*  9  n:\lit\li2007\080342\00441087.doc
Case No. C07-04589

Defendants at all times acted in good faith, reasonably, truthfully, and/or without any intent to deprive Plaintiff of any rights under the federal or state constitutions, federal or state statutes, thereby entitling them to immunity from suit.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Good Faith)

Defendants were at all times material hereto acting with subjective and/or objective good faith, such that any claim for relief that Plaintiff may have is barred by law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(No Malice or Bad Faith)

Defendants did not act with malice or bad faith, in reckless disregard, or in an oppressive or willful manner, nor did they intend to harm or deprive Plaintiff of any rights.

### NINETEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

The complaint and each and every cause of action therein is barred by the relevant statute of limitations.

### TWENTIETH AFFIRMATIVE DEFENSE

(Failure To Comply With Tort Claims Act)

Plaintiff failed to comply with the requirements of the California Tort Claims Act of the California Government Code and therefore all state claims of the Plaintiff are barred.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Variance Between Tort Claim and Complaint)

Plaintiff's purported state causes of action are limited to those factual allegations and theories of recovery set forth in Plaintiff's written government tort claim, if any, and that to the extent that the complaint attempts to enlarge or expand upon those allegations and theories, the complaint fails to state a cause of action and is barred pursuant to Government Code §§905, 910, 910.2, 910.4, 910.6, 911.2, 945.3, 945.5, 945.6, 946.4, 950.2 and related provisions.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

The complaint and each and every cause of action therein are barred because Plaintiff failed to mitigate damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
(Claim and Issue Preclusion)

The complaint and each cause of action therein are barred by the doctrines of *res judicata* and collateral estoppel.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
(Comparative Negligence)

Plaintiff was negligent in and about the matters and activities alleged in said complaint; that said negligence contributed to and was a proximate cause of Plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if plaintiff is entitled to recover damages against this defendant by virtue of said complaint, Defendants prays that the recovery be diminished or extinguished by reason of the negligence of the plaintiff in proportion to the degree of fault attributable to the plaintiff.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
(Plaintiff's Conduct was a Proximate Cause)

At all times mentioned in Plaintiff's complaint herein, plaintiff acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiff; and that as a consequence, Plaintiff's claims are barred.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
(Assumption of Risk)

Plaintiff violated Sections of the California Penal, and plaintiffs voluntarily assumed all risks, responsibility and/or liability for the injuries which were the natural and probable cause of violating section(s) of the California Penal Code.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
(Failure to Exhaust Remedies)

Plaintiff has failed to exhaust his administrative or contractual remedies.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(No Damage)

Defendants deny that plaintiff has been damaged in any sum or sums, or otherwise, or at all, by reason of any act(s) or omissions(s) of any defendant.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(Qualified Immunity)

Defendants are immune from suit under the doctrine of qualified immunity.

**THIRTIETH AFFIRMATIVE DEFENSE**

(Absolute Immunity)

Defendants are immune from suit under the doctrine of absolute immunity.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Heck v. Humphrey)

Plaintiff's lawsuit would affect the validity of his underlying conviction or probation revocation. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

<u>Jury Trial Demanded</u>

Defendants demand a trial by jury on all causes of action and all defenses.

<u>Prayer</u>

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing by way of his complaint.

2. That the Court dismiss Plaintiff's complaint with prejudice.

3. That the Court enter judgment in Defendants' favor and adversely to Plaintiff on the complaint and each cause of action therein.

4. That the Court award Defendants their attorneys fees and costs of suit.

5. That the Court provide such additional relief is it deems appropriate.

Dated: October 10, 2007

      DENNIS J. HERRERA
      City Attorney
      JOANNE HOEPER
      Chief Trial Deputy
      SCOTT D. WIENER
      Deputy City Attorney

         -/s/-   Scott D. Wiener
By:_____
      SCOTT D. WIENER

      Attorneys for Defendants
      CITY AND COUNTY OF SAN FRANCISCO,
      HEATHER FONG, IN HER OFFICIAL CAPACITY,
      OFFICER ALBERTO ESPARZA, AND
      OFFICER LAMAR TONEY