DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
SCOTT D. WIENER, State Bar #189266
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-4283
Facsimile:     (415) 554-3837

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
HEATHER FONG, IN HER OFFICIAL CAPACITY,
OFFICER ALBERTO ESPARZA, AND OFFICER LAMAR
TONEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG LAWSON McGRIFFIN,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for CITY AND COUNTY OF SAN FRANCISCO; ALBERT ESPARZA, individually, and in his capacity as a police officer for CITY AND COUNTY OF SAN FRANCISCO; LAMAR TONEY, individually, and in his capacity as a police officer for CITY AND COUNTY OF SAN FRANCISCO, and DOES 1-25, inclusive,<br><br>    Defendants. | Case No. C07-4589 CW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:    January 8, 2008<br>Time:    2:00 p.m.<br>Hon. Claudia Wilken |

The parties submit this Joint Case Management Statement in anticipation of the January 8, 2008, Case Management Conference.

1. Jurisdiction and Service

The Court has subject matter jurisdiction over this case pursuant to its federal question jurisdiction and supplemental jurisdiction. All parties have appeared in the case.

2. Facts

Plaintiffs' Version

On 8-25-06, at approximately 9:30 p.m., plaintiff and his friend, Shawn Crawford, had just stepped outside of Lime (restaurant/bar) in S.F., CA., when defendant police officers ALBERTO ESPARZA and LAMAR TONEY approached them with their batons in their hands. Defendant officers demanded that plaintiff, CRAIG McGIFFIN and Mr. Crawford show their hands, and they complied, raising their hands in the air. Plaintiff said, "We haven't done anything wrong." Defendant officers then ordered plaintiff and Mr. Crawford to lower their hands, and told Mr. Crawford to step away. The defendant officer standing in front of plaintiff said, "That sounds like resistance to me", re plaintiff's statement that he and his friend hadn't done anything wrong.

Then, defendants officers assaulted and battered plaintiff, repeatedly bashing plaintiff's head and face onto the street while pulling his arms behind his back in a manner causing his left shoulder to separate from the shoulder joint. Defendants then ordered plaintiff to roll onto his left side, and he could not because of extreme pain his separated left shoulder. Defendants then clubbed plaintiff in his left kidney area, stomped on his right hand, and then put handcuffs on plaintiff and put him in a police car. Plaintiff was never read his Miranda rights.

Plaintiff begged to be taken to a hospital for treatment of his injuries, and defendants would not take him, or offer any treatment. In jail, plaintiff went into shock and convulsions from his injuries, but was not provided medical treatment. He briefly lost consciousness. Plaintiff made an emergence call from jail. After being jailed eight hours, plaintiff was released and taken immediately to an emergency room by his friends who had also posted bail for him.

Upon release from jail, plaintiff was given documents which wrongfully stated he had been arrested for assaulting a person he had never met before, in a place he had never been before. The

1  place of arrest listed on the documents was approximately four blocks from where police claimed it to
2  be. Charges against plaintiff were later dismissed.

3  Defendants' Version

4  On the evening of August 25, 2006, Plaintiff and a friend arrived drunk at Lime, a
5  restaurant/bar in the Castro district of San Francisco. Plaintiff was asked to leave the bar because of
6  how drunk he was, and he became belligerent with restaurant staff. When Plaintiff was eventually
7  escorted from the restaurant, he assaulted the restaurant's security attendant and began to walk away.

8  Two San Francisco police officers, Officer Alberto Esparza and Officer Lamar Toney, were
9  approaching Lime as Plaintiff and his friend were leaving. Lime's manager flagged down the officers
10 and informed them that Plaintiff had assaulted an employee, and the officers then attempted to detain
11 Plaintiff for questioning. Plaintiff was staggering because he was so drunk. Plaintiff was resistant
12 and abusive toward the officers and refused to be detained. The officers indicated to Plaintiff that he
13 was under arrest, but Plaintiff refused to cooperated and continued to be belligerent. The officers
14 then used minimal force to arrest Plaintiff, specifically, they brought him down to the ground in order
15 to control and cuff him. The officers did not strike Plaintiff. Once on the ground, Plaintiff continued
16 to resist by refusing to give up his arms for cuffing. The officers were eventually able to cuff him.
17 Plaintiff continued to be physically resistive even after being cuffed.

18 The restaurant manager signed a citizen's arrest form for Plaintiff. Plaintiff was transported to
19 county jail. The officers asked Plaintiff if he needed medical assistance, and Plaintiff responded
20 "fuck you, I'm fine." Plaintiff was seen by a nurse at county jail.

21 Principal factual issues in dispute
22 Whether Plaintiff was intoxicated and if so, to what extent.
23 Whether Plaintiff assaulted the Lime employee.
24 Whether Plaintiff resisted arrest.
25 Whether Plaintiff engaged in the conduct described in Defendants' version.
26 Whether the officers engaged in the conduct described in Plaintiff's version.
27 The level of force that officers used against Plaintiff.
28 Whether Defendants made the statements attributed to them by Plaintiff.

Whether Plaintiff requested medical care, whether Plaintiff needed medical care, whether Plaintiff received medical care, and whether Plaintiff was denied medical care.

The nature and extent of Plaintiff's injuries.

### 3. Legal Issues

Whether the officers had reasonable suspicion and/or probable cause to detain and/or arrest Plaintiff.

Whether the officers used reasonable force against Plaintiff.

Whether the officers are entitled to qualified immunity.

Whether Plaintiff resisted arrest.

Whether Plaintiff was unconstitutionally denied medical care.

Whether Defendants' caused any of Plaintiff's alleged damages.

Whether Plaintiff was at fault for any damages that he sustained.

Whether the City is liable to plaintiff under 42 U.S.C. section 1983.

### 4. Motions

Plaintiffs intend to move to amend their complaint to add a cause of action for unconstitutional denial of medical care under 42 U.S.C. section 1983.

Defendants may move for summary judgment or partial summary judgment.

Defendants may move to stay *Monell* discovery and to bifurcate *Monell* issues from the underlying liability issues.

Defendants may move to bifurcate punitive damages issues and discovery from other issues in the case.

### 5. Amendment of Pleadings

Plaintiffs intend to move to amend their complaint to add a cause of action for unconstitutional denial of medical care under 42 U.S.C. section 1983.

### 6. Evidence Preservation

The parties have preserved evidence.

### 7. Disclosures

The parties will engage in initial disclosures pursuant to Fed. R. Civ. P. 26.

*McGiffin v. City and County of San Francisco, et al.*   4   n:\lit\li2007\080342\00457035.doc
Case No. C07-04589

8. <u>Discovery</u>

The parties will engage in written and deposition discovery. Defendants may seek one or more medical evaluations of Plaintiff, depending on what injuries he is claiming.

9. <u>Class Actions</u>

This case is not a class action.

10. <u>Related Cases</u>

The parties are unaware of related cases.

11. <u>Relief</u>

Plaintiff is seeking damages, punitive damages, attorneys fees, and costs. Defendants are seeking attorneys fees and costs.

12. <u>Settlement/ADR</u>

The parties agree to participate in mediation.

13. <u>Consent to Magistrate Judge for all Purposes</u>

The parties do not consent to trial of this case by a United States Magistrate Judge.

14. <u>Other References</u>

The case is not suitable for such a reference.

15. <u>Narrowing of Issues</u>

The parties are not in agreement about any of the legal issues in this case.

16. <u>Expedited Schedule</u>

This case is not suitable for an expedited schedule.

17. <u>Scheduling</u>

The Court will need to set dates for the close of discovery, summary judgment (hearing and briefing), and expert disclosures/discovery.

18. <u>Trial</u>

The parties propose a trial date on January 19, 2009.

1     19.    <u>Disclosure of Non-Party Interested Entities or Persons</u>

2     The parties are unaware of nonparties with such an interest in this lawsuit.

4 Dated: December 31, 2007

```
                              DENNIS J. HERRERA
                              City Attorney
                              JOANNE HOEPER
                              Chief Trial Deputy
                              SCOTT D. WIENER
                              Deputy City Attorney

                                -/s/-   Scott D. Wiener
                          By:_____
                              SCOTT D. WIENER

                              Attorneys for Defendants
```

13 Dated: December 31, 2007

```
                              LAW OFFICES OF JOHN BURRIS

                                -/s/-   John Burris
                          By:_____
                              JOHN BURRIS

                              Attorneys for Plaintiff
```

*McGiffin v. City and County of San Francisco, et al.*      6      n:\lit\li2007\080342\00457035.doc
Case No. C07-04589